HUGH McCULLOCH AND OTHERS, RESPONDENTS, *v.* ORRIN C. HOFFMAN, IMPLEADED WITH GEORGE J. HOFFMAN, APPELLANT.

*Bill of exchange — want of consideration — when it may be shown — what evidence proper to establish it.*

In an action upon a bill of exchange against the drawer thereof, the latter may defeat the action by showing that there was no consideration therefor; except when it has passed into the hands of a *bona fide* holder for value before maturity.

Where such defense is interposed, the defendant may show all that occurred at the time of the making of the bill, not to limit its effect or change its character, but to establish the absence of any consideration and the knowledge of the plaintiff of that fact.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict directed by the court.

*C. W. Brooke*, for the appellant.

*T. H. Hubbard*, for the respondents.

DAVIS, P. J.:

This action is brought upon a bill of exchange in the words and figures following:

£585.11.11.                                    LONDON, *July* 11, 1873.

On demand please pay to the order of Messrs. Jay Cooke, McCulloch & Co. (duplicate unpaid), five hundred and eighty-five pounds eleven shillings and eleven pence, value received, which place to account of

G. J. HOFFMAN.

GEORGE HOFFMAN, Esq.          O. C. HOFFMAN.

*Pres. Irving National Bank, New York.*

The defendant George J. Hoffman interposed no defense. The defendant Orrin C. Hoffman put in an answer admitting his signature to the bill of exchange, and alleging as a defense, in substance, that the bill was given by the defendant George J. Hoffman to the plaintiffs for advances theretofore made by them to George; that after the bill had been made by George it was presented to him by one of the plaintiffs, who represented to him that it had been drawn for advances made to George by the plaintiffs; that the drawee, who was the father of both the defendants, had refused to make pecuniary advances to his son George J. Hoffman, owing to his alleged excesses and improprieties, and would probably not accept the draft, but would be more likely to do so should the defendant Orrin C. Hoffman also sign his name; and that if his father did not accept it, it should never trouble the said Orrin C. Hoffman personally, and that the defendant did so subscribe his name at the request of the plaintiffs, without any consideration whatever, and that the bill of exchange was altogether without consideration in respect to him.

On the trial of the action the plaintiff produced and read in evidence the bill of exchange, and proved, in substance, that the drawing thereof was unauthorized, and that the defendants had no funds in the hands of the drawee against which to draw, and rested.

On the part of the defense it was proved that the bill was given for the balance of an account of George J. Hoffman with the plaintiffs, and was executed by said George J. Hoffman a day or two before it was signed by the defendant Orrin C. Hoffman, and that it had no consideration whatever except the indebtedness of said George J. Hoffman upon the balance of his account.

The defendant's counsel then offered, in various forms, to prove the circumstances connected with the affixing of Orrin C. Hoffman's

signature to the bill, and the giving of it by him, substantially as alleged in his answer to the complaint. This was excluded by the court on the ground that the defendant could not in that way contradict the bill of exchange; and exceptions were taken.

After proving that the bill of exchange was given for the balance of the account of George J. Hoffman, the following question was put to Orrin C. Hoffman: "What connection had you, if any, with that account, in any way?" This question was objected to; the objection was sustained, and an exception duly taken. Amongst other questions, also, the following were put to the defendant Orrin C. Hoffman: "Will you state precisely what occurred and what was said at the time your signature was affixed to that draft, prior to the time and at the time your signature was affixed?" "What was said by Mr. Inleston to you immediately prior to your affixing your signature to this draft, in consequence of which you signed it, if any thing?" "Have you received any consideration for this draft, and were you a party to the transaction referred to in this account, for the balance of which it was given?" "Where did you sign it?" "Was there any agreement made between the payees of that draft and yourself, in accordance with which agreement you signed the draft?" All these questions were objected to; the objections were sustained, and exceptions duly taken. In respect to the question first above quoted, the exception seems to have been well taken. The defendant had the right to show distinctly that he had no connection with that account, although it appeared clearly that the bill was given for the balance of such account of his brother. In respect to the other questions, the evidence seems to have been rejected upon the ground that the agreement sought to be proved was not in writing, and that they were an attempt to contradict by oral evidence the terms of a written instrument.

At the close of the evidence the defendant's counsel asked the court to charge the jury, that if they found as matter of fact that no consideration passed to Orrin C. Hoffman from the plaintiffs in this case, or from the person in whose favor the draft was drawn, that the verdict should be for the defendant Orrin C. Hoffman, and not for the plaintiffs. The court declined so to charge, and the counsel excepted. It is well-established law that a party may always show want of consideration to invalidate a contract. To this rule there

is but a single exception, which is the case of a negotiable promissory note or bill of exchange, which has passed into the hands of a *bona fide* holder for value before maturity. In such a case the want of consideration is no defense ; but in every other case a total want of consideration is a perfect defense to an action upon any contract, whether verbal or written, and under our statutes sealed contracts are no exception to the rule.

For the purpose of establishing the defense of want of consideration, set up in the answer of Orrin C. Hoffman, it was competent to prove the facts and circumstances under which his signature was put to the bill of exchange. This action is between the original parties to the instrument. The consideration was, therefore, open to inquiry, and the facts and circumstances, even if they make out an oral agreement, were admissible for the purpose of establishing a total want of consideration. It was not sought thereby to vary the terms of the agreement, except in respect to its statement of a consideration for the making of the paper ; but it was sought to be shown that no consideration whatever passed or existed as between the defendant Orrin C. Hoffman and the plaintiff, amounting to a sufficient consideration to uphold the bill.

In *Benton* v. *Martin* (52 N. Y., 570) it was said : " Instruments not under seal may be delivered to the one to whom upon their face they are made payable, or who by their terms is entitled to some interest or benefit under them, upon conditions the observance of which is essential to their validity, and the annexing of such conditions to the delivery is not an oral contradiction of the written obligation, though negotiable, as between parties to it and others having notice. It needs a delivery to make the obligation operative at all, and the effect of the delivery and the extent of the operation of the instrument may be limited by the conditions with which delivery is made. And so, also, as between the original parties and others having notice, a want of consideration may be shown."

There is no difficulty in the proper application of this rule, and its restriction to the subject under investigation, to wit, a total want of consideration and what transpired, at the time of making the paper, though it may not have been competent for the purpose of limiting the effect, or changing the character of the instrument itself, was, we think, certainly competent, as between the parties to the

original paper, for the purpose of showing the absence of consideration, and the knowledge of the plaintiff that the paper was made wholly without consideration. We think the court was in error in excluding the several questions, and that such error was not cured by the fact that the evidence sought to be called out by the questions was obviously the same as that stated in the offers of the defendant's counsel, which embraced in part the unwritten agreement that the bill, if not accepted by the drawee, should not be enforced against the defendant.

It is not necessary to pass upon the question arising upon the refusal of the court to charge as requested.

The judgment must be reversed and a new trial ordered, with costs to abide event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to abide event.